| | |
|---|---|
| ALLEN, et al. | CASE NO. 1:19 CV 2790 |
| Plaintiffs, | JUDGE DONALD C. NUGENT |
| -vs- | **Plaintiffs' Motion For Leave To Amend Complaint** |
| VALVOLINE LLC, et al. | |
| Defendants. | |

Now come Plaintiffs, by and through undersigned counsel, and hereby respectfully request that this Honorable Court grant them leave to amend their Complaint pursuant to Civ.R. 15(a)(2) and the Parties' Rule 26(f) Report (Doc. 15). In their Rule 26(f) Report, the Parties jointly proposed February 28, 2020 as the cut-off date for amending the pleadings. The proposed Amended Complaint is attached hereto as Exhibit A.

In pertinent part, Civ.R. 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Plaintiffs seek leave to amend to add "Regional Class Action III: Race Discrimination -- Hostile Work Environment at the North Randall VIOC Store." Exhibit A, p. 15. Plaintiffs seek leave to add this class because of its narrow focus on only the North Randall store, which supports the commonality element of class claims.

"To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986). Defendants will not be prejudiced if this Court grants Plaintiffs leave to amend because this case is in the early stages of litigation.

The CMC was January 24, 2020. The Parties will exchange initial disclosures on March 13, 2020. The discovery cut-off date is September 1, 2020 -- six months away. A dispositive motion cut-off date is not scheduled. A trial date is not scheduled. Defendants cannot be prejudiced by the amendment. Cf. *Duggins*, 195 F.3d at 834 (denying leave to amend because "Plaintiff delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed. There appears to be no justification for the delay, and the plaintiff proposes none. Allowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the sex-based retaliation claim that was before the court.").

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant them leave to amend their Complaint.

Respectfully submitted,

*/s/ Kevin M. Gross*
Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)
ZIPKIN WHITING CO., L.P.A.
The Zipkin Whiting Building
3637 South Green Road – 2nd Floor
Beachwood, OH 44122
Telephone: 216-514-6400
Facsimile: 216-514-6406
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com
***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **Plaintiffs' Motion To Amend Complaint** was served upon the Parties via ECF.

*/s/ Kevin M. Gross*
Kevin M. Gross, Esq. (0097343)
***Attorney for Plaintiffs***